UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| BROADCAST MUSIC, INC.; EMI BLACKWOOD MUSIC, INC.; HIDDEN PUN MUSIC, INC.; KISSING BOOTH MUSIC, INC.; TOTALLED, INC. d/b/a SUSHI TOO MUSIC; CARL PERKINS MUSIC, INC.; FOURTEENTH HOUR MUSIC, INC.; PRONTO MUSIC, a division of COTILLION MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; WARNER- TAMERLANE PUBLISHING CORP.; UNIVERSAL-DUCHESS CORPORATION; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; PEERMUSIC III LTD.; STEPHANIE NICKS, an individual d/b/a WELSH WITCH MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC;  COMBINE MUSIC CORP.; SPRING-TIME MUSIC, INC.; ZOMBA SONGS INC.; PAUL A. GEORGE, LUCIEN GEORGE, CURTIS BEDEAU, BRIAN GEORGE, GERARD CHARLES and HUGH CLARKE, a partnership d/b/a FORCEFUL MUSIC; EMBASSY MUSIC; JOHN CAFFERTY, JR. d/b/a  JOHN CAFFERTY MUSIC; FREDERICK S. BIENSTOCK and HAMMERSTEIN MUSIC & THEATRE COMPANY, INC., a Connecticut partnership d/b/a EDWARD B. MARKS MUSIC COMPANY; DANDELION MUSIC CO., a division of JAMIE MUSIC PUBLISHING CO.; STONE DIAMOND MUSIC CORP.; SHERYL SUZANNE CROW d/b/a OLD CROW MUSIC; JEFF TROTT d/b/a TROTTSKY MUSIC; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; FUEL PUBLISHING INC. d/b/a PENER PIG PUBLISHING; PAINTED DESERT MUSIC CORPORATION, <br><br>         Plaintiffs, <br><br>    v. <br><br> GILLIAN'S SPORTS CAFÉ, INC. d/b/a GILLIAN'S SPORTS CAFÉ and KIMBERLY A. WHITE and DAVID W. WHITE, each individually, <br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ.A.No.: 04cv12514NMG ) ) ) ) ) ) ) ) |

**MOTION FOR DEFAULT JUDGMENT**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, plaintiffs Broadcast Music, Inc. ("BMI") et al hereby move for a default judgment against defendants Gillian's Sports Café, Inc. d/b/a Gillian's Sports Café, Kimberly A. White and David W. White, said defendants having been properly served with process in hand on December 1, 2004, at their usual place of abode, and having failed to answer or otherwise respond to the Complaint within the time period set by rule.

Specifically, plaintiffs demand judgment against each said defendant as follows:

(1)    That defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(2)    That defendants be ordered to pay statutory damages in an amount equal to $20,812.50, which is three times the license fees that BMI would have received had defendants complied with the copyright laws, and approximately $1,000 per work infringed.

(3)    That defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505, in an amount to be determined upon further submission.

The Affidavit of Larry E. Stevens is submitted herewith in support of the above-requested damage award.

                                                        Respectfully submitted,

Date:   June 6, 2005                         BROADCAST MUSIC, INC., et al,
                                                        Plaintiffs,

                                                      By their attorneys,

/s/ Amy C. Mainelli
William S. Strong, Esq., BBO #483520
Amy C. Mainelli, BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, Massachusetts 02114
Tel: (617) 227-7031
Fax: (617) 367-2988

Certificate of Service

I, Amy C. Mainelli, hereby certify that I caused a copy of the foregoing Motion for Default Judgment and accompanying Affidavit to be served upon the defendants named therein by first class mail, postage prepaid, addressed to them at their respective places of business and home.

Date:  June 6, 2005          /s/ Amy C. Mainelli
                             Amy C. Mainelli