UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADCAST MUSIC, INC.; EMI BLACKWOOD MUSIC, INC.; HIDDEN PUN MUSIC, INC.; KISSING BOOTH MUSIC, INC.; TOTALLED, INC. d/b/a SUSHI TOO MUSIC; CARL PERKINS MUSIC, INC.; FOURTEENTH HOUR MUSIC, INC.; PRONTO MUSIC, a division of COTILLION MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; WARNER- TAMERLANE PUBLISHING CORP.; UNIVERSAL-DUCHESS CORPORATION; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; PEERMUSIC III LTD.; STEPHANIE NICKS, an individual d/b/a WELSH WITCH MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; COMBINE MUSIC CORP.; SPRING-TIME MUSIC, INC.; ZOMBA SONGS INC.; PAUL A. GEORGE, LUCIEN GEORGE, CURTIS BEDEAU, BRIAN GEORGE, GERARD CHARLES and HUGH CLARKE, a partnership d/b/a FORCEFUL MUSIC; EMBASSY MUSIC; JOHN CAFFERTY, JR. d/b/a JOHN CAFFERTY MUSIC; FREDERICK S. BIENSTOCK and HAMMERSTEIN MUSIC & THEATRE COMPANY, INC., a Connecticut partnership d/b/a EDWARD B. MARKS MUSIC COMPANY; DANDELION MUSIC CO., a division of JAMIE MUSIC PUBLISHING CO.; STONE DIAMOND MUSIC CORP.; SHERYL SUZANNE CROW d/b/a OLD CROW MUSIC; JEFF TROTT d/b/a TROTTSKY MUSIC; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; FUEL PUBLISHING INC. d/b/a PENER PIG PUBLISHING; PAINTED DESERT MUSIC CORPORATION,<br><br>         Plaintiffs,<br><br>v.<br><br>GILLIAN'S SPORTS CAFÉ, INC. d/b/a GILLIAN'S SPORTS CAFÉ and KIMBERLY A. WHITE and DAVID W. WHITE, each individually,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ.A.No.: 04cv12514NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' MOTION TO VACATE JUDGMENT

Plaintiffs submit this memorandum and the accompanying Declaration of Amy C. Mainelli in opposition to defendants' Motion to Vacate Judgment. The motion must be denied as untimely. Additionally, pursuant to Rules 55(c) and 60(b), defendants' unsupported assertions that they have a valid defense and that allowance of the motion would not prejudice plaintiffs are insufficient grounds to vacate the judgment as a matter of law.

### Facts

Plaintiffs filed this action on November 29, 2004, alleging nineteen claims of copyright infringement based upon defendants' unauthorized public performance of musical compositions from the Broadcast Music, Inc. ("BMI") repertoire. BMI has been granted the right to license the public performance rights in approximately 4.5 million copyrighted musical compositions, including those at issue in this action. Complaint, ¶¶ 3, 12.

Defendants were properly served with process in hand on December 1, 2004, at their usual place of abode. Defendants made contact with plaintiffs' counsel regarding the suit and defendant David White indicated they would be representing themselves *pro se*. Despite defendants' representations that they were interested in reaching settlement and that they would provide further information to aid in settlement negotiations, they failed to respond to numerous telephone calls and made no further contact with plaintiffs' counsel. Declaration of Amy C. Mainelli ("Mainelli Decl."), ¶¶ 2, 3.

Plaintiffs sent defendants a letter dated February 11, 2005, stating that since defendants had failed to respond, the enclosed Demand for Entry of Default would be filed that day. The Court entered a Notice of Default on March 16, 2005. Upon receiving no further communications from

defendants, plaintiffs then filed a Motion for Default Judgment on June 6, 2005, which was served on defendants via first class mail to their business and home addresses. Mainelli Decl., ¶¶ 5, 6.

On October 26, 2005, the court granted plaintiffs' Motion for Default Judgment in the amount of $20,812.50 plus attorneys' fees. Plaintiffs filed a Motion for Entry of Judgment on October 31, 2005, including attorneys' fees and expenses, for a total judgment of $23,838.30. Defendants' were served with the motion on October 31, 2005 via first class mail to their business and home addresses. Mainelli Decl., ¶ 7.

Defendant David White contacted plaintiffs' counsel on November 7, 2005 and left a voicemail. An attorney also contacted plaintiffs' counsel on November 7, 2005 claiming that defendants were considering retaining him and that plaintiff's counsel should wait to hear back from either him or David White. Mainelli Decl., ¶ 8.

Defendant David White contacted plaintiffs' counsel again on November 16, 2005, stating defendants were not represented by an attorney, but inquiring as to the judgment. Plaintiff's counsel explained that a judgment in the amount of $20,812.50 plus attorneys' fees was entered on October 26, 2005 and asked if he was interested in resolving this matter with plaintiffs. He then put plaintiffs' counsel on hold and said he would call back. He has made no further contact with plaintiffs to date. Mainelli Decl., ¶ 9.

Defendants filed the present Motion to Vacate Judgment on December 2, 2005, without conferring with plaintiffs' counsel pursuant to Local Rule 7.1. In addition, defendants failed to serve plaintiffs' counsel with the motion and filed no supporting affidavit with their Motion to Vacate Judgment. Mainelli Decl., ¶ 10.

## Argument

Pursuant to Fed. R. Civ. P. 60, a court may relieve a party from a judgment in cases of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud, misrepresentation, or other misconduct; if the judgment is void; where the judgment has been satisfied, released or discharged; or any other reason justifying relief. In addition, a motion seeking such relief shall be made within a "reasonable time." Fed. R. Civ. P. 60 (b).

"Excusable neglect" is a demanding standard. *See Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). It allows the court, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 388 (1993). However, "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect...." *Id.* at 392. "The reason-for-delay factor will always be critical to the inquiry...." *Hospital del Maestro v. Nat'l Labor Relations Bd.,* 263 F.3d 173, 175 (1st Cir.2001)(quoting *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir.2000))

Defendants' motion does not explain their failure to respond to plaintiffs' suit, nor does it cite any valid reason to vacate the judgment. The motion offers only unsupported assertions that defendants have a "valid defense against this case" and that allowance of the motion would not prejudice plaintiffs. Such grounds are insufficient to vacate the judgment as a matter of law. Defendants were fully aware of this action at every stage of its proceedings. If they had any valid defense they had every opportunity to file an Answer or otherwise respond to plaintiffs. Defendants' failure to respond cannot be justified or excused as a matter of law.

In addition, defendants' Motion to Vacate Judgment has not been made within a reasonable time. Defendants received notice of this suit in December 2004. Defendants were served with

4

plaintiffs' Demand for Entry of Default and Motion for Default Judgment and were notified of the entry of said judgment on October 26, 2005. Defendants made no attempt to respond, therefore, their present Motion to Vacate is untimely.

    Accordingly, plaintiffs request that defendants' Motion to Vacate Judgment be denied.

Respectfully submitted,

Date: December 12, 2005

BROADCAST MUSIC, INC., et al,
Plaintiffs,

By their attorneys,

/s/ Amy C. Mainelli
William S. Strong, Esq., BBO #483520
Amy C. Mainelli, BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, Massachusetts 02114
Tel: (617) 227-7031
Fax: (617) 367-2988

## Certificate of Service

    I, Amy C. Mainelli, hereby certify that I caused a copy of the foregoing Opposition to Motion to Vacate Judgment and accompanying Declaration of Amy C. Mainelli to be served upon the defendants named therein by first class mail, postage prepaid, addressed to them at their respective places of business and home.

Date: December 12, 2005

/s/ Amy C. Mainelli
Amy C. Mainelli